IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MAIYURY DIAZ,<br><br>        Plaintiff,<br><br>v.<br><br>SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA d/b/a SCHOOL DISTRICT OF PALM BEACH COUNTY, FLORIDA,<br><br>        Defendant. | CIVIL NO. |

## COMPLAINT

Plaintiff, MAIYURY DIAZ ("Plaintiff"), by and through her undersigned attorneys, hereby brings this action against the Defendant, SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA , d/b/a SCHOOL DISTRICT OF PALM BEACH COUNTY, FLORIDA, a Governmental Entity ("Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, et seq., ("FLSA") to recover unpaid overtime and unpaid wages, an additional amount as liquidated damages, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b).

### PARTIES

3. At all times material hereto, Plaintiff was and continues to be a resident of Palm Beach County, Florida.

4. At all times material hereto, Defendant was, and continues to be a governmental entity. Further, at all times material hereto, Defendant, was, and continues to be, engaged in business in Palm Beach County, Florida.

5. Defendant operates and oversees the public school system in Palm Beach County, FL.

6. Defendant has employees working at various job positions in Palm Beach County, Florida.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

9. At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

10. At all times pertinent to this Complaint, Defendant was, and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.  Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum.

11. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

12. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

13. On or about June 14, 2000, Plaintiff was hired by Defendant, to perform duties as a Human Resources Technician.  In October 2003, Defendant employed Plaintiff as a

Confidential Secretary II with the Central Area Superintendent Office of Defendant.

14. During her employment with Defendant, Plaintiff was not exempt from the requirements of the FLSA.

15. During her employment with Defendant, Plaintiff was paid for only forty (40) hours per work week; however, at various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

16. For example, Defendant assigned work to Plaintiffs that could not be successfully completed within forty (40) hours per work week; however, Defendant required Plaintiff to complete all assigned work regardless of the amount of time it took Plaintiff to complete the work.

17. As another example, Defendant regularly required Plaintiff to work during her lunch breaks, which regularly resulted in Plaintiff working more than forth (40) hours per work week.

18. Defendant instituted a policy and practice of requiring at least one employee to be at their desk during their lunch break.

19. Defendant's policy and practice required Plaintiff to work through her lunch break on numerous occasions.

20. In addition, Defendant regularly interrupted Plaintiff during their lunch break to performed assigned work.

21. Defendant did not compensate Plaintiff for hours worked during her lunch break.

22. Instead, Defendant deducted one (1) hour of time for lunch from Plaintiff's time records, regardless of whether Plaintiff received an uninterrupted lunch break.

23. In addition to the above, Defendant also required Plaintiff to perform work from home before and after Plaintiff's scheduled hours.

24. Plaintiff was not permitted to record any of the hours she worked from home before and after Plaintiff's scheduled hours.

25. Throughout Plaintiff's employment, Defendant did not compensate Plaintiff for her hours worked in excess of 40 hours per work week at the overtime premium rate required by the FLSA.

26. Defendant was required to compensate Plaintiff for hours worked in excess of forty (40) per work week at the overtime premium rate required by the FLSA.

27. Defendant has violated Title 29 U.S.C. §207 from at least May of 2006, continuing through June 13, 2011 (Plaintiff took a leave under the FMLA beginning June 13, 2011), in that Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant.

28. Plaintiff has retained the undersigned counsel to represent her in this action, and agreed to pay reasonable fees and costs, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION AND UNPAID WAGES

29. Plaintiff readopts and realleges all allegations contained in Paragraphs 1 through 28 above.

30. From at least May 2006 through June 13, 2011, Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one half times Plaintiff's regular rate of pay.

31. Defendant knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) hours per week in one or more work weeks between January 2006 through June 13, 2011.

32. By reason of said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages, plus liquidated damages.

33. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff, respectfully requests that judgment be entered in her favor against Defendant as follows:

a. Declaring, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due and owing to her for Plaintiff's time worked in excess of forty (40) hours per work week;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff to recover all reasonable attorney's fees and costs incurred in this action;

e. Awarding Plaintiff pre-judgment interest; and

f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 20th day of December, 2013.
West Palm Beach, Florida

Respectfully Submitted,

WATERMAN AND WOLFE, P.A.
Counsel for Plaintiffs
2090 Palm Beach Lakes Boulevard
Suite 205
West Palm Beach, FL  33409
Phone:  (561) 697-2644
Fax:  (561) 697-2647
E-mail: Waterman@watermanandwolfe.com
        Heather@watermanandwolfe.com

LINETTE M. WATERMAN, ESQ.
Florida Bar No.:  0080985